IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| BRIAN A. HANNAH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-0131 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| Lawrence County Jail | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Brian A. Hannah, filed this action under 42 U.S.C. § 1983 against the Defendant, Lawrence County Jail. Plaintiff also submitted an application to proceed *in forma pauperis* (Docket Entry No. 2), that upon review is **GRANTED**.

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

1

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Plaintiff asserts claims arising out of his alleged denial of sentence credits during his incarceration at the Lawrence County jail. (Docket Entry No. 1, Complaint). Section 1983 claims for deprivation of sentence credits first require exhaustion of remedies under 28 U.S.C. § 2254 because such claims affect the "duration of [Plaintiff's] physical imprisonment" and a judicial determination Plaintiff could be "entitled to immediate or speedier release." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff's claims impact the duration of his "physical imprisonment." Id.. Thus, Preiser controls and Plaintiff's restoration claim fails to state a claim under Section 1983.

Accordingly, this action is **DISMISSED without prejudice** for Plaintiff to exhaust his state remedies under 28 U.S.C. §2254.

It is so **ORDERED.**

This is the Final Order in this action.

ENTERED this the 3rd day of March, 2014.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court